Joseph F. Postnikoff
State Bar No. 16168320
Amanda B. Hernandez
State Bar No. 24069911
GOODRICH POSTNIKOFF &
ALBERTSON, LLP
777 Main Street, Suite 1360
Fort Worth, Texas 76102
Telephone: 817.347.5261
Telecopy: 817.335.9411
jpostnikoff@gpalaw.com
ahernandez@gpalaw.com

PROPOSED COUNSEL FOR DEBTOR IN POSSESSSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 11-34424-11-BJH |
| HEREFORD VENTURE NO. ONE, L.P., | § | |
| | § | In Proceedings Under Chapter 11 |
| Debtor. | § | EXPEDITED HEARING REQUESTED |

**MOTION FOR INTERIM AND CONTINUING USE OF CASH COLLATERAL**

TO THE HONORABLE BARBARA J. HOUSER, PRESIDING BANKRUPTCH JUDGE:

COMES NOW, Hereford Venture No., One, L.P., the Debtor in Possession in the referenced Chapter 11 bankruptcy proceeding ("Hereford" or "Debtor"), and files this Motion for Interim and Continuing Use of Cash Collateral, and in support thereof would respectfully show unto the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter involves administration of the estate and therefore constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M) and (O).

## Bankruptcy

2. Hereford filed a Voluntary Petition for relief under chapter 11 of the United States Bankruptcy Code on July 5, 2011. Hereford has continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

## Background

3. Hereford is a Texas limited partnership which owns a parcel of land known as 701 N. 25 Mile Avenue, Deaf Smith County, Hereford, Texas (the "Property") on which a 23,838 square foot shopping center known as Hereford Corners Shopping Center is operated.

4. Branch Banking and Trust Company ("BB&T"), as successor-in-interest to Colonial Bank by asset acquisition from the F.D.I.C. as Receiver for Colonial Bank, f/k/a Colonial Bank, N.A. asserts a claim in excess of $2,273,118.00 plus any and all other amounts to the extent permitted by the Bankruptcy Code and applicable law against the Debtor secured by a first lien against the Property which necessarily includes all cash equivalents, whether in the form of cash, negotiable instruments, documents of title, securities, deposit accounts, or in any other form, which represent income, proceeds, products, rents or profits of the Property that are now in the Debtor's (or entities or persons in privity with the Debtor) possession, custody or control, or in which the Debtor will obtain an interest during the pendency of this bankruptcy case (collectively, the "Cash Collateral").

5. The Property is further encumbered by claims of ad valorem tax authorities for 2011 in the approximate sum of $22,500.

## Use of Cash Collateral Requested

6. Debtor has prepared cash flow projections in monthly budget increments beginning with July, 2011 and ending with December, 2011. Such projections are set forth on

the Six Month Budget (the "Six Month Budget") attached hereto and incorporated herein as Exhibit "A".

7. During the months of July through December, 2011, Debtor projects receipts of $175,886.22 for a monthly average of $29,314.37. During that same period, Debtor projects operating expenses of $44,243.79 before contracted tenant improvements and adequate protection payments.

8. Debtor proposes to use the Cash Collateral of BB&T to fund post-petition operations.

9. Satisfaction of the monthly expenses is necessary in order to preserve the Debtor's estate for the benefit of BB&T, the ad valorem tax authorities and other creditors of the estate and must be satisfied in order to avoid immediate and irreparable harm to the estate.

## Immediate and Continuing Need for Use of Cash Collateral

10. In order to continue operations post-petition, Debtor must maintain its tenants and satisfy ordinary expenses of post-petition operations as detailed in the Critical Budget ("Critical Budget") attached hereto and incorporated herein as Exhibit "B".

11. If Debtor is unable to fund post-petition operations, the value of the Property will rapidly decline as tenants display their dissatisfaction. The harm to the estate of the Debtor will be irreparable.

12. During the initial two week period following the Petition Date, Debtor projects expenses of $7,744.44 which must be satisfied as set forth on the Critical Budget. Debtor asserts use of Cash Collateral to satisfy the $7,744.44 in immediate expenses is necessary in order to avoid immediate and irreparable harm to the estate pending a final hearing on this Motion.

13. Debtor has no other adequate source of financing other than the Cash Collateral identified herein.

## Statutory Predicate

14. Pursuant to the provisions of 363(c)(2) of the Bankruptcy Code:

> The trustee may not use, sell, or lease cash collateral under a paragraph (1) of this subsection unless –
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

## Relief Requested

15. Debtor seeks authority to use Cash Collateral consistent with the Six Month Budget and Critical Budget attached hereto as Exhibits "A" and "B", respectively, on a preliminary and continuing basis.

16. Satisfaction of the monthly expenses is necessary in order to preserve the Property for the benefit of BB&T and other creditors of the estate and must be satisfied in order to avoid immediate and irreparable harm to the estate.

17. Debtor asserts the use of Cash Collateral as proposed herein is in the best interests of the Debtor and creditors of the estate of the Debtor.

## Adequate Protection

18. Although Hereford believes the interests of BB&T are adequately protected by the value of the Property, Debtor proposes to grant to BB&T, effective *nunc pro tunc* as of the Petition Date to the extent of any diminution or usage of BB&T's Collateral valid, binding, enforceable and automatically perfected first priority liens and security interests in and upon all of the Debtor's assets (save and except Bankruptcy Code Chapter 5 causes of action) co-

extensive with the assets described in the Pre-Petition Indebtedness Documents whether acquired or generated before or after the Petition Date, whether now owned and existing or hereafter acquired, created, or arising, and all products and proceeds thereof (including, without limitation, claims of the Debtor against third parties for loss or damage to such property), and all accessions thereto, substitutions and replacements therefore (collectively, the "<u>Adequate Protection Liens</u>"); *provided, however*, that the Adequate Protection Liens shall be subordinate to any priming Debtor-In-Possession financing as may be approved by the Court. BB&T also reserves its rights to the benefits and protections allowable under Section 507(b) of the Bankruptcy Code.

19. As further adequate protection for the interests of BB&T, Hereford currently maintains and will continue to maintain appropriate insurance coverage at acceptable levels. Evidence of such insurance will be provided upon request.

20. As further adequate protection for the interests of BB&T, Hereford proposes to deposit and hold all income received pre and post-petition in a debtor in possession account and to provide accountings with respect to such Property to BB&T on a monthly basis.

21. As further adequate protection for the interests of BB&T, Hereford proposes to commence adequate protection payments to BB&T effective August 1, 2011 and the on the 1st day of each month thereafter until otherwise directed by the Court or by operation of law at the non-default rate of interest, or such other rate as the Court may determine adequately protects the interest of BB&T in the subject Property and satisfies the requisites of Section 362(d)(3).

22. Valid, properly-perfected, unavoidable, first-priority property tax liens shall continue against all property owned or claimed by the Debtor, whether currently in existence or hereinafter acquired, pursuant to applicable provisions of the Texas Property Code. Such tax

liens shall maintain the same level of priority as existed immediately prior to the Petition Date as more fully described in the Texas Property Code.

23. All rights of the Debtor, creditors, and interested parties to challenge the priority, extent, nature, scope, amount, validity, perfection, or avoidability of any asserted liens and claims are preserved.

24. The proposed form of Interim Agreed order Regarding Limited Use of Cash Collateral is attached hereto and incorporated herein as Exhibit "C".

25. Debtor asserts that notice of a preliminary hearing on this Motion via the Court's ECF filing system together with regular First Class United States mail and e-mail or fax service upon (a) the United States Trustee, (b) all parties asserting an interest in the Cash Collateral, ( c) all parties having filed a notice of appearance, and (d) the 20 largest unsecured creditors is adequate under the circumstances.

**WHEREFORE, PREMISES CONSIDERED,** Hereford Venture No. One, L.P., the Debtor in Possession herein, respectfully prays for authorization to use Cash Collateral as proposed herein on an interim and continuing basis, and for such other and further relief, at law or in equity, to which the Debtor may be shown justly entitled.

Dated this the 5th day of July, 2011.

                                Respectfully submitted,

                                GOODRICH POSTNIKOFF & ALBERTSON, LLP
                                777 Main Street, Suite 1360
                                Fort Worth, Texas 76102
                                Telephone: 817.347.5261
                                Telecopy: 817.335.9411


                                By: /s/ Joseph F. Postnikoff
                                    Joseph F. Postnikoff
                                    State Bar No. 16168320
                                    Amanda B. Hernandez
                                    State Bar No. 24069911

                                PROPOSED COUNSEL FOR DEBTOR IN
                                POSSESSION


## CERTIFICATE OF CONFERENCE

I certify that I have conferred with J. Mark Chevallier, counsel for Branch Banking and Trust, as successor-in-interest to Colonial Bank, regarding the relief sought in this Motion and am advised the relief sought in this Motion is opposed; however, the parties are confident an agreed order can be reached.


                                /s/ Joseph F. Postnikoff
                                Joseph F. Postnikoff


## CERTIFICATE OF SERIVCE

The undersigned hereby certifies that on the 5th day of July, 2011, a copy of the foregoing Motion was served by first-class U.S. mail, postage prepaid on the persons named on the attached service list.


                                /s/ Joseph F. Postnikoff
                                Joseph F. Postnikoff

United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75201

Hereford Venture No. One, L.P.
16910 Dallas Parkway, Suite 100
Dallas, Texas 75248

Advanced Pavement Maintenance
PO Box 51772
Amarillo, Texas 79159-1772

AG Specialists
701 N. Twenty-Five Mile Ave.
Suite 105
Hereford, Texas 79045

Andrus Brothers 1, Ltd.
7655 West 81st
Amarillo, Texas 79119

Attorney General
Main Justice Bldg, Room 511
10th and Constitution Avenue, N.W.
Washington, DC 20530

Attorney General
300 West 15th Street
Austin, Texas 78701

Banch Banking & Trust Company
8214 Westchester Drive, #400
Dallas, Texas 75225

Kathy Brorman
PO Box 2123
Hereford, Texas 79045

Raymond G. Byrd
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, Texas 75254

Cato
701 N. Twenty-Five Mile Ave.
Suite 135
Hereford, Texas 79045

Susan Mills Cipione
McGuire, Craddock & Strother, P.C.
2501 N. Harwood, Suite 1800
Dallas, Texas 75201

Comptroller of Public Accounts
Revenue Accounting Division
Bankruptcy Section
PO Box 13528
Austin, Texas 78711

Cornerstone Management &
Leasing, Inc.
c/o Ms. Virginia Stine Romano
1936 San Marco Blvd.
Jacksonville, FL 32207

Cross Architects
1255 W. 15th Street, Suite 125
Plano, Texas 75075

Deaf Smith County Tax Assessor
136 E. 3rd Street
Hereford, Texas 79045

Brett Gissler
15313 Interlachen Drive
Austin, Texas 78717

Gold & Silver Buyers, Inc.
701 N. Twenty-Five Mile Ave.
Suite 145
Hereford, Texas 79045

Hartford
PO Box 2907
Hartford, CT 06104-2907

Hibbett Sporting Goods, Inc.
701 N. Twenty-Five Mile Ave.
Suite 140
Hereford, Texas 79045

Internal Revenue Service
Austin, Texas

Internal Revenue Service
Special Procedures-Insolvency
PO Box 7346
Philadelphia, PA 19101-7346

Lone Star Home & Garden
1302 W. Park Avenue
Hereford, Texas 79045

North Town Deli & Bakery
701 N. Twenty-Five Mile Ave.
Suite 110
Hereford, Texas 79045

RETC
3325 Silverstone Drive
Plano, Texas 75023

Michael Rist
Condon Thornton Sladek Harrell LLP
8080 Park Lane, Suite 700
Dallas, Texas 75231

St. Ives Holdings, LLC
St. Ives Realty I, LLC
16910 Dallas Parkway, Suite 100
Dallas, Texas 75248

Sally Beauty Supply #1574
701 N. Twenty-Five Mile Ave.
Suite 120
Hereford, Texas 79045

Shoe Show #1152
701 N. Twenty-Five Mile Ave.
Suite 130
Hereford, Texas 79045

Star Hair & Nails
701 N. Twenty-Five Mile Ave.
Suite 125
Hereford, Texas 79045

| | | |
|---|---|---|
| Texas Workforce Commission<br>TEC Building - Bankruptcy<br>101 East 15th Street<br>Austin, Texas 78778 | United States Attorney<br>1100 Commerce Street<br>3rd Floor<br>Dallas, Texas 75242 | Verizon #200767<br>701 N. Twenty-Five Mile Ave.<br>Suite 100<br>Hereford, Texas 79045 |